JAMES W. ORR, ETC., *et al.*, v. ALEX. ATCHESON.

**No. 13,026.**  (71 Pac. 848.)

Error from Atchison district court; W. T. BLAND, judge. Opinion filed March 7, 1903.  Affirmed.

*A. F. Martin*, city attorney, and *James W. Orr*, for plaintiffs in error.

*Jackson & Jackson*, for defendant in error.

*Per Curiam:* The defendant in error obtained a judgment against the city of Atchison, and, being unable to collect it, brought an action of mandamus to compel a levy of taxes for its payment.  An alternative writ was issued, an answer filed, trial had, and judgment rendered upon January 1, 1901, awarding the peremptory writ.  No proceeding in error was commenced to review this judgment within one year from the date of its rendition, and it has become final and conclusive upon the parties.  In July, 1901, the peremptory writ issued.  The city officials attempted to plead again and were allowed by the court to file motions to quash the writ and for its modification.  A hearing was had and evidence introduced relating to the ability of the city to comply with the peremptory writ and keep within the limit of the tax levies authorized by law. In overruling these motions the court stated in effect that if the evidence introduced on the hearing of the motions had been presented at the trial of the cause the judgment of the court then rendered would probably have been different, and that it would grant a modification of the writ if it could, but it did not believe it had any power or authority to so.  The city officials prosecute error.

The language of the court referred to cannot be construed in any sense as a finding that the writ could not be lawfully complied with.  The statements made amount to nothing more than that the discretion properly exercisable by the court would be indulged if the time had not elapsed in which it could act.  Conceding all questions of jurisdiction and power to make the modification asked to be as plaintiffs in error contend, it cannot be said the court was

bound as a matter of law to do so. The evidence in support of the motions has been examined far enough to indicate that a management of the finances of the city, in such a manner as to pay this much-delayed claim, ought to be attempted. The cause will not, therefore, be sent back merely to allow the exercise of a discretion which it was not error under the facts to withhold.

The judgment of the district court is affirmed.